**'08 CIV 5271**

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VICTOR MOLINA, Individually
and on Behalf of All Other Persons
Similarly Situated,

                  Plaintiffs,

      -against-

THE UNION LEAGUE CLUB, NEW YORK
CITY, And JOHN DOES # 1-10,
Jointly and Severally,

                  Defendants.
-------------------------------------------------------------X

CLASS ACTION
COMPLAINT 9 2008

Index No. U.S.D.C., S.D. N8Y.
CASHIERS

**Jury Trial Demanded**

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as wait staff and other comparable positions with different titles, that they are: (i) entitled to unpaid wages for overtime work for which they did not receive overtime premium pay, as well as misappropriated tips and/or gratuities (pursuant to New York Labor Law §196-d) (as set forth by *Samiento v. World Yacht, Inc.*, N.Y. Ct. of App., 2/14/08) as well as damages for violations of ERISA, 29 U.S.C. § 1002 et. seq. and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq. as well as pursuant to ERISA.

2. Plaintiff further complains, on behalf of himself and other similarly situated current and former employees, that they are entitled to unpaid wages for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§650 *et seq.*, including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner

of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and misappropriated tips and/or gratuities in violation of New York Labor Law §196-d and violations of ERISA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

4. This Court has personal jurisdiction over the claims in this action pursuant to the provisions of Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

5. Personal jurisdiction over Defendant, The Union League Club, New York City ("Defendant" or "Union League"), as the Plan Administrator of the ERISA Plan ("Plan") is also proper because acts of plan administration took place in New York City.

6. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants' principal place of business is in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

9. Plaintiff, Victor Molina ("Plaintiff" or "Molina") resides in Westchester County, New York.

- 2 -

10. Plaintiff regularly worked for Defendants in excess of forty (40) hours per workweek, without receiving overtime compensation and Defendants also misappropriated his tips and/or gratuities in violation of the New York Labor Law and the FLSA and violated ERISA.

11. Plaintiff has been an employee of the Union League within the meaning of ERISA §3(5), (6), 29 U.S.C. §1002(5), (6) and is a participant in the Plan as that term is defined in ERISA §3(7), 29 U.S.C. §1002(7).

12. Upon information and belief, Defendant, the Union League Club, is a not-for-profit corporation organized and existing in the State of New York.

13. Upon information and belief, Defendant, Union League, owns and operates a restaurant and catering facility.

14. Upon information and belief, Defendant, Union League, has a principal place of business at 38 East 37th Street, New York, New York, 10016, New York County in the State of New York.

15. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with Defendants.

16. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise

because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

17. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees; controlled Plaintiff's work schedule and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since June 5, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were wait staff and other comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who received no overtime at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and/or did not receive tips and/or gratuities collected by Defendants for and on their behalf (the "Collective Action Members").

19. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 100 members of the Class during

- 4 -

the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

20. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

22. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;
>
> b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

- 5 -

c. whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

d. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek in violation of the FLSA and the regulations promulgated there under;

e. whether Defendants improperly withheld tips and/or gratuities, in violation of 29 U.S.C. §203(m);

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendants should be enjoined from such violations of the FLSA in the future.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## ERISA CLASS ACTION ALLEGATIONS

24. Plaintiff seeks to prosecute his claims for ERISA violations as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) as the representative of a proposed ERISA class of wait staff and other comparable positions with different titles for Union League who are or were covered by the Union League Plan as defined therein

at any time since June 5, 2002 to the entry of judgment in this case (the "ERISA Class Action Period").

25. The ERISA Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period Union League has employed at least one hundred persons who satisfy the definition of the ERISA class.

26. Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

a. Whether Defendant failed and continues to fail to record or report all actual wages earned by Plaintiff and the ERISA Class;

b. Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all wages earned by Plaintiff and the ERISA Class;

c. Whether Defendant has violated and continues to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d. Whether Defendant has credited Plaintiff and the ERISA Class with Certified Compensation for all wages for which they were paid or entitled to be paid, as required by ERISA; and

e. Whether Defendant has violated ERISA's fiduciary standards by its failure to credit Plaintiff and the ERISA Class with Certified Compensation for all wages for which they were paid or entitled to be paid.

27. Plaintiff's claims are typical of those of the ERISA Class. Plaintiff, like all other ERISA Class Members, was subjected to Defendant's policies and practices of failing to record and/or failing to take into account all overtime compensation and/or

- 7 -

income from gratutites earned or owing as Certified Compensation under the Union League Plan.

28. Plaintiff will fairly and adequately represent and protect the interests of the ERISA Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment law.

29. Class certification of the Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other Members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Union League has acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the ERISA Class as a whole.

30. Plaintiff intends to send notice to all Members of the ERISA Class to the extent required by Rule 23.

## NEW YORK LABOR LAW CLASS ALLEGATIONS

31. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

32. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since June 5, 2002, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were wait staff and other comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages and/or who did not receive tips and/or gratuities in violation of the New York Labor Law (the "Class").

- 8 -

33. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 100 members of Class during the Class Period.

34. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

35. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

36. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

37. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

38. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a. whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

- 9 -

b. what proof of hours worked is sufficient where employers fail in their duty to maintain time and/or pay records;

c. whether Defendants failed and/or refused to pay the members of the Class time and one-half for all hours worked in excess of forty hours per workweek;

d. whether Defendants withheld tips and/or gratuities within the meaning of the New York Labor Law in violation of New York Labor Law §196-d;

e. whether Defendants failed to post the notice required by New York Labor Law §198-d;

f. whether Defendants violated New York Labor Law §§ 191, 193 and/or 195;

g. whether the individual Defendants participated in the day to day management of Defendant and are "joint employers" and liable to Plaintiffs;

h. whether the Defendants' actions, as alleged, were willful or with reckless disregard of the law;

i. whether Defendants and Individual Defendants are liable to Plaintiffs for compensatory damages, interest, costs and disbursements and attorneys' fees;

j. whether the Statute of Limitations should be estopped or tolled due to Defendants' statutory violations; and

k. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

39. Plaintiff was a waiter employed by Defendants from on or about October 16, 1999 until on or about May 12, 2008 (the "time period").

40. Upon information and belief, at all relevant times, Union League has been and continues to be the Plan Administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002 (16)(A), and a named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1).

41. Upon information and belief, Union League has exercised actual responsibility, authority, and/or control with regard to crediting compensation under the Plan, thereby making it a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

42. Upon information and belief, at all relevant times, Union League has been the plan sponsor of the Plan, within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

43. Upon information and belief, Defendants, failed to keep records of Plaintiff's and the other members of the Class overtime work and/or gratuity income. In doing so, Defendants failed to comply with ERISA's requirement that it maintain records sufficient to determine benefits due of which may become due under the terms of the Plan.

44. Upon information and belief, Defendants failed to credit Plaintiff and the other members of the Class for overtime work and/or gratuity income as Certified Compensation under the Plan. In doing so, Defendants have violated ERISA's requirement that participants in that plan receive credit for all wages for which they are entitled to payment.

45. Upon information and belief, Defendants, John Does #1-10 are officers, directors and/or managing agents of Defendants and participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Defendants.

46. Upon information and belief, Defendants charged, levied upon, assessed, imposed and/or collected from its customers an amount equal to twenty (20%) per cent of its customary fees ("Gratuity") and said Gratuity was separately itemized on customer statements.

47. Upon information and belief, Defendants either told, led or allowed its customers, to believe that the additional charge is a Gratuity for and on behalf of their employees.

48. Defendants are required by Labor Law §196-d to remit Gratuities in their entirety to their appropriate employees.

49. Upon information and belief, Defendants retained all or a substantial portion of the Gratuities that it received from customers without paying same to Plaintiff and the other members of the class.

50. Upon information and belief, Defendants unlawfully redistributed part of Plaintiff's tips to employees in positions that do no customarily and regularly receive tips.

51. Upon information and belief, Defendants imposed upon Plaintiff and/or similarly situated employees a tip redistribution or sharing scheme to which they had never agreed.

52. Upon information and belief, as a result of the aforesaid, Defendants' customers were discouraged from leaving additional tips to the Plaintiff and the other members of the class who would usually expect to receive tips from customers for the type of service provided.

53. Upon information and belief, Defendants violated Labor Law §191(1)(a) by failing to pay Plaintiff and other members of the class weekly as required by statute.

54. Upon information and belief, Defendants violated Labor Law §195(1) by failing to notify Plaintiff and other members of the class at the time of hiring of the rate of pay and of the regular pay day designated Defendants.

55. Upon information and belief, Defendants violated Labor Law §195(3) by failing to furnish each Plaintiff and other members of the class with a statement with every payment of wages, listing gross wages, deductions and net wages, and an explanation of how such wages were computed.

56. Upon information and belief, Defendants violated Labor Law §195(4) by failing to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

57. Upon information and belief, Defendants violated Labor Law §198-d by failing to post as required by statute.

58. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

59. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

60. Plaintiff often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff and other wait staff employees overtime compensation of one and one-half times their regular hourly rate and/or failed to remit to Plaintiff and other similarly situated employees tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.

61. Upon information and belief, it is Defendants' uniform policy and procedure not to pay compensation to Plaintiff and other members of the class overtime compensation and/or to fail to remit to Plaintiff and other members of the class tips and/or gratuities.

62. Plaintiff commenced his employment with the Defendants on or about 1999 and is still employed by Defendants. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

63. Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate and/or failed to remit to them tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations. As stated, the exact number of such individuals is presently unknown, but

within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

64. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, Defendants failed to maintain accurate and sufficient time records.

65. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

66. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§203(a), (m), 206(a) and 207(a).

68. At all relevant times, Defendants employed and/or continued to employ, Plaintiffs within the meaning of the FLSA.

69. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

70. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

-15-

71. At all relevant times, Defendants had a policy and practice of refusing to pay to its employees overtime compensation for their hours worked in excess of forty hours per workweek and/or failed to remit Gratuities received for and on their behalf.

72. As a result of Defendants' willful failure to compensate its employees, including Plaintiff, overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek and/or the retention of Gratuities, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

73. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

74. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

75. Upon information and belief, Defendants unlawfully redistributed portions of the tips received by on for and on behalf of Plaintiff and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. §203(m) and supporting regulations.

76. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

77. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation and/or gratuities received and not remitted, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

78. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

80. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek and/or failed to remit to him tips and/or gratuities, in violation of the New York Labor Law and its regulations.

81. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

82. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.3.

83. Upon information and belief, Defendants failed to furnish Plaintiff and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, in violation of the NYLL and supporting New York State Department

- 17 -

of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.2.

84. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, unpaid tips and/or gratuities, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1). Plaintiffs waive liquidated damages for the Class pursuant to the New York Labor Law.

## THIRD CLAIM FOR RELIEF
### ERISA

85. Plaintiff, on behalf of himself and all Members of the ERISA Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein.

86. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, *inter alia*, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

87. Upon information and belief, the governing instrument of the Plan confers on Union League discretionary authority, responsibility, and/or control with respect to the crediting of Certified Compensation, thereby rendering the Plan Administrator of the Plan a fiduciary in that regard. Upon further information and belief, Union League, the Plan Administrator of the Plan, exercised actual discretionary authority, responsibility, and/or

control in determining what wages would and would not be credited as Certified Compensation by the Plan. By reason of the exercise of such discretion, Union League has been a fiduciary of that plan with respect to the crediting overtime wages and/or gratuity income as Certified Compensation.

88. Plaintiff, on behalf of himself and all prospective members of the ERISA Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein. ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

89. Upon information and belief, the Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

90. Pursuant to the terms of the Plan, employees' rights to share in contributions to the Plan are dependent, in part, on their Certified Compensation which includes, as defined in the Plan, compensation that is reportable on Form W-2.

91. By its failure to record and/or report all of the wages earned by its wait staff and other comparable positions with different titles, including Plaintiff and the ERISA Class, the Union League has failed to maintain records with respect to each of its employees sufficient to determine the benefits that have accrued or might accrue to its plan participants, in violation of ERISA § 209(a)(1); 29 U.S.C. § 1059(a)(1).

92. In order to remedy the violation of ERISA by the Union League, Plaintiff, on behalf of himself and the ERISA Class, seeks injunctive relief, and such other equitable

relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

93. The Union League has breached its fiduciary duties by failing to credit overtime wages earned by its wait staff employed by the Union League as well as gratuity income received for and on their behalf but withheld from them as part of Plaintiff's and the ERISA Class's Certified Compensation.

94. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff, on behalf of himself and the ERISA Class, seeks an injunction requiring Defendant to credit Plaintiff and the ERISA Class as Certified Compensation overtime wages and gratuity income, past and future, and such other equitable relief as the Court deems just and appropriate.

95. Plaintiff, on behalf of himself and the ERISA Class, seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

96. Plaintiff intends to send notice to all Members of the ERISA Class to the extent required by Rule 23.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the NYLL Class and appointing Plaintiff and his counsel to represent the Class;

b.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C.

- 20 -

§216(b) to all similarly situated members of an FLSA Opt-In Class,

apprising them of the pendency of this action, permitting them to assert

timely FLSA claims in this action by filing individual Consents to Sue

pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to

represent the Collective Action Members and tolling of the statue of

limitations;

c.    Designation of Plaintiff as the representative of the ERISA Class;

d.    A declaration that Defendant, the Union League, has violated ERISA §

209(a); 29 U.S.C. § 1129(a);

e.    Appropriate equitable and injunctive relief to remedy the Union League's

violations of ERISA § 209 (a);

f.    A declaration that Defendants have breached its fiduciary duties by failing

to credit Plaintiff and the ERISA Class with Certified Compensation for

all wages earned and accurately maintain records, as required by ERISA

and the terms of the Plan;

g.    An order requiring that Defendants remedy its breaches of fiduciary duty

by crediting Plaintiff and the ERISA Class with Certified Compensation

for all of their past, present and future uncompensated overtime wages

and/or gratuity income;

h.    A declaratory judgment that the practices complained of herein are

unlawful under the FLSA and the New York Labor Law;

i.    An injunction against Defendants and its officers, agents, successors,

employees, representatives and any and all persons acting in concert with

it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

j.    An award of unpaid overtime compensation and/or unpaid tips and/or gratuities under the FLSA and the New York Labor Law;

k.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and/or failure to remit gratuities pursuant to 29 U.S.C. § 216, 29 U.S.C. § 1132(g)(2);

l.    An award of prejudgment and post-judgment interest;

m.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to NYLL, FLSA and ERISA (29 U.S.C. § 1132(g)(2)(D)); and

n.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
June 5, 2008

Jeffrey M. Gottlieb, Esq.

Attorneys for Plaintiffs
Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _____ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____   5-28-08   Victor Molina
Signature                          Date        Print Name